IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BAKER CREEK HEIRLOOM SEED CO. LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BUY RARE SEEDS INC.,<br><br><u>Serve at:</u><br>    Reg. Agt. Michael Rubel<br>    426 Broadway, Apt. 304<br>    San Francisco, CA 94133<br><br>and<br><br>MICHAEL RUBEL,<br><br><u>Serve at:</u><br>    426 Broadway, Apt. 304<br>    San Francisco, CA 94133<br><br>    Defendants. | Case No. 6:23-cv-3105<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR CYBERSQUATTING, TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, FALSE ADVERTISING, TRADEMARK DILUTION, AND UNFAIR COMPETITION**

COMES NOW Plaintiff Baker Creek Heirloom Seed Co. LLC ("Plaintiff"), by and through its undersigned counsel, and states for its Complaint against Defendants Buy Rare Seeds Inc. and Michael Rubel ("Defendants") the facts set forth below. Plaintiff demands a jury trial on all causes of action against all Defendants.

**SUMMARY OF THE ACTION**

1.  Plaintiff has been selling rare, heirloom garden seeds to customers for many years, and has used the trade name and mark "rareseeds" to do so since at least 1998. Today, Plaintiff

employs more than 100 people and ships these rare heirloom seeds to customers across the nation. Plaintiff enjoys an excellent commercial reputation and has, by way of example, more than 10,000 five-star reviews on Facebook.

2. Defendants have taken "rareseeds" from Plaintiff and have used "rareseeds" to compete directly with Plaintiff in online seed sales. Defendants operate in the same geographic markets as Plaintiff. Defendants sell, or purport to sell, the same heirloom-type seeds as Plaintiff. Defendants operate their illicit and infringing business primarily through "buyrareseeds.com" and "buy-rare-seeds.com." These domains are collectively referred to as the "offending domains."

## THE PARTIES AND THE MARK

### *Plaintiff Baker Creek Heirloom Seed Co. LLC: Owner of "RARESEEDS"*

3. Plaintiff is a Missouri Limited Liability Company that operates its business in this district. Plaintiff is engaged in the business of selling garden seeds online. Plaintiff began using the word mark, "rareseeds," in January of 1998. At or near that time, Plaintiff began operating its website, rareseeds.com, to promote and sell its seeds. Plaintiff has also used the "rareseeds" mark to sell seeds through its printed catalog.

4. Plaintiff is the owner of the service mark "RARESEEDS," (the "Mark") having filed its application on October 27, 2020 with a registration date of December 21, 2021 and a registration number of 6593562.

5. Registration of the Mark on the Principal Register with the United States Patent and Trademark Office constitutes prima facie evidence of the Mark's validity and is conclusive evidence of Plaintiff's rights to the Mark in commerce.

6. Plaintiff has used the Mark continuously and publicly to promote and sell its products, various garden seeds. Plaintiff has invested large sums of money in promoting its business with the Mark via nationwide campaigns, especially in the online marketplace, that have

spanned many years. Plaintiff has owned and operated rareseeds.com for many years.

7. Plaintiff's use of the Mark was, at all times relevant to this action, accompanied by the "circle R" designation indicating its status as registered.

### *Defendant Michael Rubel: Owner of Defendant Buy Rare Seeds Inc.*

8. Defendant Michael Rubel is a resident of California and, upon information and belief, the sole owner of Defendant Buy Rare Seeds Inc., a foreign corporation that operates in San Francisco, CA.

9. Defendant Rubel is the sole person who controls, operates, directs and approves the day to day business operations of Buy Rare Seeds Inc.

10. Defendants are co-agents such that each individual Defendant has acted at the behest of, with the knowledge of, and for the benefit of the other Defendant at all times relevant. Specifically, both Defendants together purchased the offending domains and both Defendants together use the Mark to sell heirloom garden seeds as described herein.

11. Defendants use, deliberately and maliciously, Plaintiff's Mark to advertise and sell garden seeds within this District in direct competition with Plaintiff. Specifically, Defendants target customers within this District via their primary websites, buyrareseeds.com and buy-rare-seeds.com, and via their online marketplaces on Facebook, Etsy, Amazon, and other online stores. Defendants, in all of these stores, use the Mark to compete with Plaintiff.

12. Upon information and belief, Defendants have regularly and consistently sold garden seeds to numerous consumers in this District at all times relevant.

13. As a result of these sales, Plaintiff has received telephone calls from consumers who are angry with customer service issues that those consumers attribute to Plaintiff; upon Plaintiff's investigation, Plaintiff has learned that the consumers are purchasing seeds from

Defendants are confused such that the consumers believe Plaintiff has sold them the seeds.

14. Defendants' angry and dissatisfied customers have caused Plaintiff to suffer an ascertainable loss of time and money in this District.

## JURISDICTION AND VENUE

15. The Court has original subject matter jurisdiction over this controversy pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338, and 1367 because Plaintiff's claims arise under the Lanham Act, specifically 15 U.S.C. Sections 1114(1) and 1125. The Court has pendent jurisdiction over Plaintiff's state law claims, as those claims arise out of the same facts and circumstances as the Lanham Act claims. As such, the state law claims are joined with and substantially related to Plaintiff's Lanham Act claims.

16. Defendants are all subject to personal jurisdiction in Missouri because Defendants conduct continuous and systematic business in Missouri, because Defendants directed their tortious and illegal acts referenced herein at Plaintiff in Missouri, and because Plaintiff suffered harm from Defendants' tortious and illegal acts in Missouri.

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims occurred in this District. Defendants engaged in trademark infringement and other Lanham Act violations in this District.

## FACTS COMMON TO ALL COUNTS AND CAUSES OF ACTION

18. Plaintiff, at all times relevant, has been the sole owner of trademark rights regarding the Mark and has never assigned any of those rights. Plaintiff does not approve, and has never approved, of Defendants using the Mark in any manner.

19. Plaintiff has used the Mark in commerce continuously since approximately 1998.

20. Plaintiff, at all times relevant, has supported the Mark with extensive multi-media

advertising in its various nationwide markets including its markets in this District.

21. Plaintiff, utilizing the Mark, has built up substantial goodwill among consumers in its various markets, including markets in this District.

22. Plaintiff routinely seeks to enhance and expand marketing for the Mark.

23. Defendants, acting in concert and as co-agents, purchased the offending domains and use those domains and the Mark in order to redirect online customers from Plaintiff to Defendants in an illicit attempt to compete with Plaintiff.

24. Defendants use the term "rare seeds" repeatedly on the offending domains as well as on their Facebook, Etsy, and Amazon pages to describe their garden seeds.

25. Plaintiff has called and sent emails to Defendants in an effort to advise them of the problematic and infringing usage of the Mark in Defendants' business, but Defendants refuse to engage with Plaintiff and refuse to stop using the Mark.

26. Accordingly, at all times relevant to this suit, Defendants knew with certainty that "RARESEEDS" was trademarked and was the exclusive property of Plaintiff, but nonetheless appropriated that trademark to drive customers away from Plaintiff.

27. Defendants use the Mark for the purpose of attracting consumers and misleading those consumers into thinking that Defendants are Plaintiff, or are associated with Plaintiff, or that Defendants can provide Plaintiff's products associated with the Mark.

28. Plaintiff has been damaged by Defendants use of the Mark such that:

   a. Plaintiff has lost customers and revenue and goodwill to Defendants;

   b. Plaintiff has continued to make substantial expenditures promoting the Mark and Plaintiff has not gotten the benefit of those expenditures;

   c. Plaintiff has been forced to spend significant sums of money in an effort to reclaim its Mark from Defendants; and

d. Plaintiff has not received the benefit of substantial expenditures it made to acquire the Mark.

### Count I - Improper Appropriation of Domain Name - Anticybersquatting Consumer Protection Act

29. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

30. Defendants acquired and used the offending domains and have continued their usage of those domains to present.

31. The offending domains are the same as or are confusingly similar to the Mark.

32. Defendants have acted with bad faith and intent to profit from the offending domains as evidenced by the following:

   a. The Mark, as used in the offending domains, is a federally registered and nationally known service mark of Plaintiff, who does business in the very same markets that Defendants service.

   b. Defendants covertly, and without obtaining any permission from Plaintiff, used the Mark to promote their own garden seed products in direct competition with Plaintiff, whose sole business is also the sale of garden seeds.

   c. The offending domains include the Mark in a manner which clearly refers to Plaintiff.

   d. Defendants use the Mark as though it belongs to Defendants, not Plaintiff.

   e. Defendant Michael Rubel, in an effort to evade detection for his purchase of the domain, has hidden her acquisition and ownership of the domain by using the registrar "Enom" to reflect that an "anonymous" person owns the domain.

   f. Defendants have engaged in all of this conduct with the actual knowledge that

Plaintiff does not permit their usage of the Mark; Plaintiff has called and emailed Defendants to no avail.

33. When Defendants acquired the offending domains, Defendants had no reasonable basis to believe that their use of these domain names would be fair use or otherwise lawful.

34. Accordingly, Defendants have acquired, used, registered, trafficked in and/or used the offending domains for improper purposes in violation of the Anticybersquatting Consumer Protection Act.

35. Plaintiff has been damaged by Defendants' acquisition, use and/or registration of the offending domains. At minimum, Plaintiff has lost customers, revenue, and profits. Plaintiff has been deprived of its substantial expenditures to trademark, promote and protect the Mark. Plaintiff's Mark has been diluted and devalued by Defendants' use of the same, which has caused Plaintiff to suffer financial losses.

### Count II - Unfair Competition - Section 43(a) of the Lanham Act

36. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

37. Defendants use the term "RARESEEEDS," or the confusingly similar term "rare seed" or "Rare Seed" or "buyrareseed" or "buy-rare-seed" in interstate commerce to compete with Plaintiff for customers from this District and other areas.

38. Defendants made unauthorized use of the Mark by using it in the offending domain, and by using the Mark to sell garden seeds via Facebook, Etsy, Amazon, and other online marketplaces.

39. This use of the Mark was intended to exploit the Mark and Plaintiff's goodwill so as to increase traffic to Defendants' business and to lure garden seed customers to Defendants

and away from Plaintiff.

40. Defendants' use of the Mark has caused, and is likely to continue to cause, confusion, mistake or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or cause confusion, mistake or deception by suggesting sponsorship or approval of Defendants' products by Plaintiff.

41. The content that flows from Defendants' offending domain constitutes commercial advertisement or promotion that misrepresents the nature, characteristics, and/or qualities of Defendants' goods and commercial activities by associating them with Plaintiff.

42. Plaintiff has been damaged by Defendants' use of the Mark. At minimum, Plaintiff has lost customers, revenue, and profits. Plaintiff has been deprived of its substantial expenditures to trademark, promote and protect the Mark. Plaintiff's Mark has been diluted and devalued by Defendants' use of the same, which has caused Plaintiff to suffer financial losses.

**Count III - Trademark Infringement and Counterfeiting - Section 32 of the Lanham Act**

43. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

44. Defendants used the Mark to offer their own similar but counterfeit garden seed products.

45. When a consumer would search "rare seeds" online in an effort to buy from Plaintiff, Defendants' ubiquitous use of the Mark would, upon information and belief, direct the consumer to Defendants' business via the offending domains or Defendants' commercial pages with Facebook, Amazon, Etsy and other similar merchants. Thereafter, via these online locations, Defendant would immediately solicit the consumer to purchase Defendants' garden seed products.

46. As such, consumers would be confused and deceived into thinking that they were purchasing garden seeds from Plaintiff when in reality they were purchasing a competing product from Defendants.

47. Defendants, in using the Mark in counterfeit fashion, caused confusion, mistake, or deception as to the source or sponsorship of Defendants' garden seed products. Defendant Defendants caused the consuming public to believe that its products were approved by Plaintiff or that Defendants are legitimately connected with Plaintiff or authorized by Plaintiff to use the Mark and sell garden seeds.

48. Defendants' unauthorized use of the Mark is also likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the offending domains in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49. Consumers of garden seeds or at least a significant portion thereof are likely to believe that Defendants' offending domains and related web pages are licensed by, sponsored by, connected with, authorized by, or related to Plaintiff.

50. Plaintiff has been damaged by Defendants' infringement of the Mark and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

51. At minimum, Plaintiff has lost customers, revenue, and profits. Plaintiff has been deprived of its substantial expenditures to trademark, promote and protect the Mark. Plaintiff's Mark has been diluted and devalued by Defendants' use of the same, which has caused Plaintiff to suffer financial losses.

**Count IV - Trademark Dilution - Section 43(c) of the Lanham Act**

52. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

53. By using the Mark as the operative part of the offending domains, Defendants have diluted the distinctive value of Plaintiff's Mark.

54. Plaintiff has been damaged by Defendants' dilution of the Mark and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

## Count V - Trademark Infringement - Missouri

55. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

56. Defendants' unauthorized use of the Mark is likely to cause confusion, mistake, or deception as to source, sponsorship, or approval of the offending domains and also in relation to the online stores Defendants operate on Facebook, Etsy, and other similar marketplaces in violation of Mo.Rev.Stat. § 417.056.

57. Consumers of garden seeds or at least a significant portion thereof are likely to believe that Defendants' websites and online selling platforms are licensed by, sponsored by, connected with, authorized by, or related to Plaintiff.

58. Plaintiff has been damaged by Defendants' infringement of the Mark, and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

## Count VI - Trademark Dilution - Missouri Anti-Dilution Act

59. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

60. By using the Mark as the operative part of the offending domain as well as the operative part of online stores at Facebook, Etsy and similar stores, Defendants have diluted the distinctive value of Plaintiff's distinctive Mark in violation of the Missouri Anti-Dilution Act, Mo.Rev.Stat. § 417.061.

61. Plaintiff has been damaged by Defendants' infringement of the Mark, and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

### Prayer for Relief

Plaintiff respectfully requests that the Court enter judgment in its favor on all Counts, and that the Court specifically find that Defendants engaged in cybersquatting as to all of the offending domains, trademark infringement, unfair competition, and trademark dilution in violation of the Lanham Act and that Defendants engaged in trademark infringement and dilution in violation of Missouri law. Plaintiff respectfully requests the Court enter judgment that Defendants acted willfully with respect to all violations of state and federal law.

Plaintiff respectfully requests that the Court permanently enjoin Defendants from using the Mark or a name confusingly similar to the Mark, using the offending domains, and from infringing on Plaintiff's rights in the Mark.

Plaintiff respectfully requests that the Court require Defendants to provide an accounting to Plaintiff of all monies gained by them from the use of the Mark and all profits earned by them since the start of their use of the Mark.

Plaintiff respectfully requests that the Court award it actual damages in an amount to be determined at trial, that the Court award Plaintiff three times the amount of its actual damages, Defendants' profits over the period Defendants have used the Mark, the costs of this action, attorneys' fees, and such other amounts as the Court deems just pursuant to 15 U.S.C. Section 1117(a).

Plaintiff respectfully requests that the Court award it three times the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, together with a reasonable attorneys' fee and prejudgment interest pursuant to 15 U.S.C. Section 1117(b).

Plaintiff respectfully requests that the Court award it statutory damages of not less than $1,000 or more than $200,000 per counterfeit mark per type of good or service sold or offered for sale, or if the Court finds Defendants' use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold or offered for sale pursuant to 15 U.S.C. Section 1117(c).

Plaintiff respectfully requests that the Court award it statutory damages of $100,000 per offending domain pursuant to 15 U.S.C. Section 1125(d) and 15 U.S.C. Section 1117(d) if that amount is greater than actual damages and profits.

Plaintiff respectfully requests all such other and further relief that the Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
7321 S. Lindbergh Blvd., Ste. 400
St. Louis, MO 63125
Phone: 314.380.3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*